No. 24-3444

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

_____

RHONDA BURNETT, et al.,
*Plaintiffs-Appellees,*

v.

THE NATIONAL ASSOCIATION OF REALTORS, et al.,
*Defendants-Appellees,*

KELLER WILLIAMS REALTY, INC.; REALOGY HOLDINGS CORP.
*Defendants,*

BHH AFFILIATES, LLC; HSF AFFILIATES, LLC
*Defendants – Appellees,*

RE/MAX LLC
*Defendant,*

v.

BROWN HARRIS STEVENS; THE AGENCY
*Intervenors – Appellees,*

v.

SPRING WAY CENTER, LLC; et al.
*Objectors - Appellants*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
Case No. 19-cv-00332 (SRB), Hon. Stephen R. Bough

_____

Appellate Case: 24-3621     Page: 1     Date Filed: 02/13/2025 Entry ID: 5485798

**APPELLANTS SPRING WAY CENTER LLP, NANCY WEHRHEIM, JOHN MORATIS, NANCY MORATIS, DANIELLE KAY, JESSIE KAY, KAITLYN SLAVIC, AND MARIA IANNOME'S STATEMENT OF ISSUES ON APPEAL**

AND NOW, Objector/Appellants Spring Way Center LLC, Nancy Wehrheim, John Moratis, Nancy Moratis, Danielle Kay, Jessie Kay, Kaitlyn Slavic, and Maria Iannome, by and through its undersigned counsel, files this preliminary Statement of Issues on Appeal:

1.      Did the trial court err by ordering objectors to a proposed nationwide settlement to appear at the argument on approval in person two days before a major holiday, contrary to the class notice and without justification?

2.      Did the trial court err by declaring arguments by objectors to a proposed nationwide settlement waived if the objectors did not appear at the argument on approval in person two days before a major holiday, contrary to the class notice and without justification?

3.      Did the trial court err in certifying a class for settlement when:

   a.    The settlement class was significantly different from and broader than the class pleaded in the Complaint;

   b.    The settlement class was significantly different from and broader than the class previously certified; and/or

   c.    The settlement class was significantly different from and broader than the class for which discovery was conducted?

4.      Did the trial court err in approving a settlement when the weight of the evidence, including a prior judgment of the same court, showed that the settlement amount was grossly disproportionate to the harm caused by the settling defendants, and did not account for statutory trebling of damages?

2

5. Did the trial court err in approving a settlement which allowed "free rider" releasees to be released from liability without paying into the settlement?

6. Did the trial court err in approving a settlement which included practice changes that were insufficient to abate the unlawful conduct complained of?

7. Did the trial court err by failing to take into account the differing factual bases of the claims of the original certified class and those of the members of the expanded, nationwide settlement class?

8. Did the trial court err by failing to hold an evidentiary hearing on the approval of the settlement?

9. Did the trial court err by accepting insufficient evidence supporting key elements of settlement approval, including but not limited to, ability to pay off the settling defendants?

Dated: February 13, 2025

*/s/ D. McArdle Booker*
Bruce C. Fox (PA 42576)
Andrew J. Horowitz (PA 311949)
D. McArdle Booker (PA 320890)
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
(412) 556-1500 (Phone)
(412) 281-1530 (Fax)

Bert S. Braud, Esquire
MO ID No.: 34325
bbraud@pophamlaw.com
THE POPHAM LAW FIRM
712 Broadway, Suite 100
Kansas City, MO 64105
(816) 221-2288

*Counsel for Objector/Appellants*

Appellate Case: 24-3621   Page: 3   Date Filed: 02/13/2025 Entry ID: 5485798

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 13, 2025 this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record registered with the CM/ECF system.

/s/ *D. McArdle Booker*
D. McArdle Booker

4